NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ESCOBEDO AGUILERA, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 19-73068 Agency No. A079-391-853 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2022
Pasadena, California

Before:    BENNETT and SUNG, Circuit Judges, and FOOTE,[**] District Judge.

Juan Escobedo Aguilera, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for cancellation of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

removal, asylum, withholding of removal, and protection under the Convention

Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.

We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020).  We review for substantial evidence the agency's factual findings.  *Id*. at 1241.  We review de novo questions of law and constitutional claims.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

In Escobedo Aguilera's opening brief he does not raise, and therefore waives, any challenges to the BIA's 2019 determinations regarding his alienage and inadmissibility.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).  To the extent Escobedo Aguilera argues that the IJ erred in deeming him credible with regard to alienage and inadmissibility, but not credible with regard to his applications for relief, that argument is unexhausted because he failed to raise this to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Escobedo Aguilera challenges only the agency's denial of his applications for withholding of removal and protection under CAT.  Because Escobedo Aguilera does not challenge the agency's determinations that he is ineligible for

cancellation of removal and asylum, these claims are waived. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

Substantial evidence supports the agency's determination that Escobedo Aguilera did not suffer past persecution because, for example, he conceded he was never harmed in Mexico. *See* 8 C.F.R. § 1208.16(b) (in the absence of past persecution, there is no presumption of future persecution, and the applicant must show it is more likely than not that he would be persecuted on account of a protected ground).

The agency did not err in concluding that Escobedo Aguilera failed to establish his membership in a cognizable particular social group, because his proposed social group is too broad to be cognizable. *See Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019) (proposed particular social group of individuals returning to Mexico from the U.S. who are believed to be wealthy is too broad); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) ("imputed wealthy Americans" returning to Mexico does not constitute a particular social group). Thus, his withholding of removal claim fails.

To the extent Escobedo Aguilera contends that the agency failed to address persecution on the basis of political opinion, the agency did not err because Escobedo Aguilera withdrew his political opinion claim at the merits hearing and

the IJ did not reach the issue. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

Substantial evidence supports the agency's denial of CAT protection because Escobedo Aguilera failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (evidence of crime and violence that was not specific to petitioner was insufficient to establish CAT eligibility).

We lack jurisdiction to review Escobedo Aguilera's claims that the IJ's conduct violated his due process rights because he did not exhaust them before the agency. *Sanchez-Cruz v. INS*, 255 F.3d 775, 779-80 (9th Cir. 2001).

In light of this disposition, we do not reach Escobedo Aguilera's remaining contentions regarding the agency's adverse credibility determination. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**